### JOE DYER v. THE STATE.

#### No. 2250.   Decided May 21, 1902.

**Transcript on Appeal—How Forwarded—Can Not Be Brought to the Court and Filed by Attorneys.**

A transcript for appeal, in a misdemeanor or a felony, must be forwarded by mail to and filed in this court under the provisions of article 897 and articles 895 to 902, Code of Criminal Procedure.   Where the transcript has been brought to the court and filed by the attorneys, the appeal will, on motion of the State, be dismissed.

Appeal from the County Court of McLennan.   Tried below before Hon. G. B. Gerald, County Judge.

Appeal from a conviction of theft of property, of the value of $20; penalty, ninety days imprisonment in the county jail.

The Assistant Attorney-General filed the following motion to dismiss the appeal:

Now comes the State by the Assistant Attorney-General, and would show the court that the appeal in this case was perfected on June 14, 1901, by filing the recognizance in this case, as shown by the transcript. That thereafterwards the court adjourned on June 22, 1901; that on the 1st day of August, 1901, and more than twenty days after the adjournment of the court, the said transcript was delivered by the clerk of the County Court of McLennan County to H. M. Cammack, one of the attorneys of record for the appellant in this case, as shown by the following indorsement on said transcript, to wit:   "Applied for by H. M. Cammack and C. V. Burkhead, attorneys for Joe Dyer, on the 4th day of June, 1901, and delivered to H. M. Cammack, on the 1st day of August, 1901.   Thomas A. Caufield, clerk County Court of McLennan County, by R. S. Vaughan, deputy."   The State further avers that on the 2d day of September, 1901, the transcript was received from said H. M. Cammack and filed by the clerk of this court as a transcript in this cause.

Wherefore the State would show the court that this transcript has not been filed in this court, as required by article 897, Code of Criminal Procedure.   Wherefore the State prays that this transcript be stricken from the record.

*Rob't A. John,* Assistant Attorney-General, for the motion.—The State would submit on above motion the following:

It is conceded that the rules laid down by the Supreme Court of this State to govern the Court of Criminal Appeals permits the clerk of the county court to deliver the transcript of appeals in misdemeanor cases to either appellant or his counsel.   31 Texas Crim. Rep., 654, rule 116.

However, the State insists that the filing of the transcript in this case is in violation of the statues of this State, and that the statutes of the State are superior to any rule that may be adopted by the Supreme Court to govern the Court of Criminal Appeals.

Article 897, Code of Criminal Procedure, provides:   "As soon as a transcript is prepared the clerk shall forward the same by mail, or other

safe conveyance, charges prepaid, inclosed in an envelope securely sealed, directed to the proper clerk of the Court of Criminal Appeals." That this is the same rule which governs the transmission of transcripts in felony cases and applies, as the statute clearly indicates, by reference to article 896, to transcripts both in felony and misdemeanor cases.

True, article 878 specifically controls the making out of transcripts and the forwarding of the same to the clerk of the Court of Criminal Appeals in felony cases, but this is to be construed in connection with article 897, which applies to both felonies and misdemeanors, and makes it mandatory that said transcript shall be transmitted by the clerk by mail or other safe conveyance to the clerk of the Court of Criminal Appeals, and not permit either appellant or his counsel to take the transcript into his possession.

The duty of the clerk upon the appeal of a misdemeanor case is made certain. Article 895 makes it the duty of the clerk to prepare the transcript; article 896 merely says that felonies shall have precedence over misdemeanors, while article 897 says that the clerk must transmit the transcript and not private parties, or at least interested parties.

*G. B. Burkhead* and *H. M. Cammack,* for appellant.

HENDERSON, JUDGE.—Appellant was convicted of a misdemeanor, and prosecuted this appeal.

The Assistant Attorney-General has filed a motion to dismiss this appeal, on the ground that it did not come to this court from the county clerk, as required by law, but was filed by the attorneys, Messrs. Cammack and Burkhead. His contention is that article 897, Code of Criminal Procedure, which is as follows: "As soon as the transcript is prepared, the clerk shall forward the same by mail, or other safe conveyance, charges prepaid, inclosed in an envelope securely sealed, directed to the proper clerk of the Court of Criminal Appeals,"—controls, being applicable alike to misdemeanors as well as felonies. He also insists that the rules prescribed by the Supreme Court for the governing of this court, as to transcripts, on which appellant acted, can not override the statutory law on the same subject. We have examined the statutes with reference to transcripts and their filing (articles 895 to 902, Code of Criminal Procedure, inclusive), and they appear to support his contention. We accordingly hold that the motion is well taken. We would observe in this connection that a number of cases have been appealed and the transcripts filed in this court by counsel, but no motion has been made to strike out the same because not forwarded in accordance with law. Our attention having been called to the matter, we feel it our duty to require the law in this regard to be conformed to. No harm can come of a compliance with the statute, while confusion and delays might ensue from following the rule prescribed which, in our opinion, attempts to set aside the act of the Legislature on the same subject. The appeal is dismissed.

*Dismissed.*