## WILL POOL ALIAS WASH GEORGE v. THE STATE.

### No. 3661. Decided June 19. 1907.

**1.—Theft of a Horse—Recent Possession—Charge Refused.**

Upon trial for the theft of a horse, where the evidence showed recent possession of the alleged stolen property unexplained the same warranted a conviction, and there was no error to refuse a charge that defendant could not be convicted upon such evidence.

**2.—Same—Evidence—Discretion of Court.**

Under article 698, Code Criminal Procedure, the introduction of testimony is authorized at any time before the conclusion of the argument and there is no error to permit the State to introduce evidence after the testimony had closed.

**3.—Same—Argument of Counsel.**

Where upon trial for the theft of a horse, the evidence showed when the

officers went to arrest defendant he hurriedly left, there was no error in the argument of State's counsel in making the statement that defendant was seen running for the brush.

**4.—Same—Former Trial—Statement of Facts.**

Upon trial for the theft of a horse, there was no error in permitting the county attorney to read from the statement of facts in a former trial and ask the witness if she made certain statements.

**5.—Same—Sufficiency of Evidence—Circumstantial Evidence.**

See opinion for circumstantial evidence sufficient to support a verdict of guilty for theft of a horse.

Appeal from the District Court of Ellis.    Tried below before the Hon. J. E. Dillard.

Appeal from a conviction of the theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. H. Spencer* and *E. P. Anderson, Sr.,* for appellant.—On question of improper argument of counsel: Pickett v. State, 12 Texas Crim. App., 99; Crow v. State, 33 Texas Crim. Rep., 270; Laubach v. State, 12 Texas Crim. App., 591.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of charge refused on recent possession: Lehman v. State, 18 Texas, 174; May v. State, 51 S. W. Rep., 242.

BROOKS, JUDGE.—Appellant was convicted of theft of a horse, and his punishment assessed at two years confinement in the penitentiary.

Appellant complains that the court refused to charge the jury that defendant could not be convicted of theft upon recent possession alone of stolen property.    There is no error in this.    Possession by appellant of recently stolen property with the theft unexplained is sufficient to warrant a conviction, where the circumstances call for explanation. See Bell v. State, 24 S. W. Rep., 647; Ray v. State, 43 S. W. Rep., 77; May v. State, 51 S. W. Rep., 242; Williamson v. State, 30 Texas Crim. App., 330, and Lopez v. State, 28 Texas Crim. App., 343.

Appellant further complains that the court erred in permitting the State to introduce evidence after the testimony had closed.    Article 698, Code Criminal Procedure, authorizes the introduction of testimony at any time before the conclusion of the argument.

Appellant objects to the following statement of the county attorney in his argument to the jury: "(1) We have proved that defendant hauled the buggy from the ravine to Mr. Hall's house; (2) That defendant was seen by Mrs. Shelton running for the brush."    The first statement is clearly deducible from the circumstances introduced. Defendant was seen the night before the buggy was carried to Hall's house near the horse and buggy that were identified as the property of the prosecuting witness, the horse being loose from the buggy, and the defendant standing near it.    The next the record shows of the buggy

is at the house of the witness Hall. The horse had been released by appellant, and it was a legitimate conclusion from these statements that he hauled the buggy to Hall's house. It was not error to say that Mrs. Shelton saw appellant running for the brush. As we understand it, this statement was predicated upon Mrs. Shelton's testimony wherein she swore in substance that when the officers went to the Hall house where appellant was, she saw him hurriedly leaving said house. Nor was it any error in the court permitting the county attorney to read from the statement of facts in a former trial, and asking the witness if she made certain statements. The evidence in this case clearly supports the judgment. The horse and buggy were hitched near the little town of Milford, in Ellis County; the horse was taken therefrom and when next seen was on the edge of Oak Cliff in Dallas County in the possession of appellant. This fact is established by circumstantial evidence as clearly as anything could be by circumstantial evidence. Appellant released the horse, but took the buggy to Hall's house, where he was then boarding, and the next morning proceeded to repaint it. The buggy was clearly identified, and the horse was subsequently recovered out of the pound in Waxhachie where he had evidently gone in an effort to return home. Appellant appropriated the horse and buggy, and there can be no cavil as to the sufficiency of the evidence in this case.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*