## MANDOSA v. STATE.  (No. 5882.)

(Court of Criminal Appeals of Texas.  Correction of Transcript Oct. 13, 1920.  On the Merits, Nov. 3, 1920.)

1. **Criminal law ⊕⟺1087(2)—Caption of record on appeal must show date of termination of term of court.**

Where the caption of the record on appeal from a conviction fails to disclose the date upon which the term at which the case was tried terminated, the record cannot be considered, on account of the statute limiting the time in which the bills of exceptions and the statements of facts may be filed.

### On the Merits.

2. **Criminal law ⊕⟺686(1)—Evidence may be introduced any time before close of argument unless there is reason for refusing.**

Under Code Cr. Proc. 1911, art. 718, when it appears that the ends of justice will be subserved by the introduction of testimony, the privilege of introducing such evidence any time before argument is closed should not be denied, in the absence of some reason therefor; the discretion permitted the court by such statute being a judicial one.

3. **Criminal law ⊕⟺359—Witnesses ⊕⟺346—Permissible to show state's witness offered to pay for stolen property.**

In a prosecution for theft of turkeys, evidence that a witness for the state made an effort to induce the owners to forego a prosecution and offered to pay them for the turkeys was admissible as tending to exculpate defendant, and to discredit the witness for the state, and to emphasize the suspicion cast by circumstances upon him.

4. **Criminal law ⊕⟺359 — Always proper to prove third party guilty.**

It is in all cases proper to prove by competent evidence that the offense was committed by a person other than the accused.

5. **Criminal law ⊕⟺687(2)—Court abused discretion in not opening case to receive evidence before close of argument.**

In a prosecution for theft, court erred in refusing to open the case, after the evidence was closed and before the argument was completed, upon defendant's offer to introduce evidence that a witness for the state made an effort to induce the owners of the stolen property to forego a prosecution and offered to pay for the property.

Appeal from Karnes County Court; D. O. Klingemann, Judge.

Tomas Mandosa was convicted of misdemeanor theft, and appeals.  Reversed and remanded.

Bell & Brown, of Karnes City, for appellant.

Alvin M Owsley, Asst. Atty. Gen., for the State.

#### Correction of Transcript.

MORROW, J.  [1] This is an appeal from judgment of the county court adjudging appellant guilty of a misdemeanor.  The record is not in condition to authorize its consideration, for the reason that the caption fails to disclose the date upon which the term at which the case was tried terminated.  The statute limiting the time within which bills of exceptions and statement of facts may be filed renders knowledge of the date of adjournment necessary, in order that the appellate court may know whether the statute has been complied with, with reference to the bills of exceptions and statement of facts found in the record.  The rules prescribed by the Supreme Court set forth the requisites of the caption of the transcript.  Rule 112 (142 S. W. xxv).  This court has endeavored to emphasize the importance of the clerks in preparing transcripts being guided by the rules, to the end that the merits of the appeal may receive attention.  The clerk of the county court of Karnes county is therefore directed to file a correct and completed transcript of the record with the clerk of this court within 15 days from this date; and the clerk of this court shall cause to be furnisned to the clerk of Karnes county a copy of this opinion and order.

### On the Merits.

The appellant was convicted of a misdemeanor.  He was charged with the theft of 21 turkeys from Sidney Murray.  Murray was the owner of a turkey hen with 21 young turkeys.  They were in the habit of roaming over the neighborhood and returning at night.  They failed to return for two or three days prior to March 9, the owner attributing such failure to the fact that they were across the creek, and that there had been very heavy rains.  Searching for them, his wife, Isabella Murray, went to the home of Rofino Gonzales, and there she found the turkey hen, which was identified by certain marks, and she concluded by the conduct of the hen that she was fretting for the loss of her young.  Mrs. Murray made inquiry of the wife of Gonzales, but was informed that she had no knowledge of the turkeys.  Rofino Gonzales testified that in the daytime on March 9, while a turkey hen and a number of young turkeys were near his house and in view of it, the appellant and one De Leon borrowed from the witness a sack, and caught the little turkeys and put them in it, and carried them away in the direction of their home, which was near by.  The wife of Gonzales gave similar testimony.  The appellant introduced testimony tending to show an alibi, and testified, denying that he been in possession of the turkeys.  They were not found.

[2-5] After the evidence was closed, and

before the argument was completed, the appellant by motion sought permission of the court to introduce testimony by recalling Isabella Murray and Sidney Murray, and making proof by them that Rofino Gonzales had offered to pay for the turkeys if they would not take the matter into court. The statute, article 718, C. C. P., makes it discretionary with the court to permit the introduction of evidence at any time before the argument is closed. Pool v. State, 51 Tex. Cr. R. 596, 103 S. W. 892; Webb v. State, 69 Tex. Cr. R. 413, 154 S. W. 1013; Greenwood v. State, 74 Tex. Cr. R. 455, 168 S. W. 100. This discretion is a judicial one, and, when it appears that the ends of justice will be subserved by the introduction of testimony, the privilege should not be denied, in the absence of some reason therefor. The witnesses whom the appellant desired to introduce we understand to have been present and available, and there is nothing suggested in the record which would indicate that any interference in the conduct of the case or unreasonable delay would result by complying with the request. It is also made clear by the bill that the witnesses would have given the testimony. The stolen turkeys were never found in the possession of the appellant, nor were those which it was claimed that appellant put in a sack identified as the stolen turkeys, except by circumstances. The turkey hen was found near the home of the witness Gonzales, and his wife was called upon at the time to explain the absence of the little turkeys when the hen was found near her place. This the appellant claims she failed to do, though she and her husband, Gonzales, testified upon the stand to circumstances indicating that appellant had borrowed a sack and carried off the little turkeys. His effort to induce the owners to forego a prosecution, and his offer to pay them for the turkeys, were circumstances favorable to the appellant, tending to exculpate him, tending to discredit Gonzales, and to emphasize the suspicion cast by the circumstances upon him as the offender. It is in all cases proper to prove by competent evidence that the offense was committed by a person other than the accused (Du Bose v. State, 10 Tex. App. 230); and, in a case depending wholly upon circumstantial evidence, is has been held that proof of this character may be made by introducing the confession of another (Blocker v. State, 55 Tex. Cr. R. 30, 114 S. W. 814, 131 Am. St. Rep. 772). Under this rule, in view of the facts as they stand in this record, we believe that the trial court was in error in refusing to reopen the case, to the end that the newly discovered facts might be disclosed to the jury.

Because of this error, the judgment is reversed, and the cause remanded.