The judgment must be reversed, and the cause remanded.

---

## LOWREY v. STATE.   (No. 6593.)

(Court of Criminal Appeals of Texas.   Oct. 4, 1922.)

**1. Criminal law ⬅1104(2)—Caption on appeal must show date of adjournment below.**

An appeal cannot be heard unless the caption of the transcript discloses the date of adjournment of the trial court so that it can be determined whether the statutes limiting the time for filing bills of exceptions and statements of fact have been complied with.

**2. Criminal law ⬅1106(1)—Transcript must be sealed and mailed to appellate court, and not delivered to appellant's attorney.**

An appeal in a criminal prosecution will be dismissed where the transcript has been given to the appellant's attorney and by him delivered to the clerk of the appellate court instead of being properly sealed and mailed as required by Code Cr. Proc. 1911, § 931.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

George Lowrey was convicted of bigamy, and he appeals.   Dismissed.

S. W. Pratt, of Cisco, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J.   Conviction is for bigamy, carrying a penalty of two years in the penitentiary.

[1] Our Assistant Attorney General has filed a motion to dismiss the appeal for two reasons: First, because the caption fails to show the date of adjournment of the trial term of court. The necessity for such information is apparent from Mandosa v. State, 88 Tex. Cr. R. 84, 225 S. W. 169; Davis v. State, 88 Tex. Cr. R. 183, 225 S. W. 532; Williams v. State (Tex. Cr. App.) 237 S. W. 920.

[2] The second ground for the motion is that the transcript was delivered to appellant's attorney, and not transmitted through the mails by the district clerk to the clerk of this court, as is required by the law. Article 931, C. C. P., reads:

"As soon as a transcript is prepared, the clerk shall forward the same by mail or other safe conveyance, charges paid, inclosed in an envelope, securely sealed, directed to the clerk of the Court of Criminal Appeals."

The following cases construing the article just quoted appear to support the state's second ground for requesting a dismissal of the appeal: Lockwood v. State, 1 Tex. App. 749; Pilot v. State, 38 Tex. Cr. R. 515, 43 S. W. 112, 1024; Dyer v. State, 44 Tex. Cr. R. 78, 68 S. W. 685.

The appeal is dismissed.