### SAM ADAMS v. THE STATE.

No. 7746.   Decided May 23, 1923.

Rehearing Denied June 20, 1923.

**1.—Burglary—Transcript—Practice on Appeal.**

Where the caption to the transcript fails to show when the District Court convened or adjourned, a motion by the State to dismiss must be sustained.   Following Davis v. State, 88 Texas Crim. Rep., 183.

**2.—Same—Statement of Facts—Bills of Exception.**

Where the statement of facts does not appear to have ever been filed in the court below and then sent to this court, and the bills of exception were not approved by the trial judge and filed, the same cannot be considered on appeal.

**3.—Same—Rehearing—Certiorari—Bills of Exception.**

Where the bills of exception are filed too late they cannot be considered on appeal, and this court will not compel a trial judge by *certiorari* to approve bills of exception.

Appeal from the District Court of Cooke.   Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—The caption to the transcript fails to show when court convened or adjourned.   The assistant attorney general has filed a motion asking the dismissal of the appeals because of such omission.   The motion must be sustained. - (See Lowrey v. State, 92 Texas Crim. Rep., 311, 244 S. W. Rep., 147; Mendosa v. State, 88 Tex. Cr. Rep., 84, 225 S. W. Rep., 169; Davis v. State, 88 Tex. Cr. Rep., 183, 225 S. W. Rep., 532.)

We find in the record a statement of facts signed by the attorneys and approved by the trial judge, on March 4th, 1923, but it is nowhere made to appear that it was ever filed in the court below.   In felony cases the original statement of facts must be forwarded to this court.   There are also what purports to be several bills of exception in the record.   None of them bear the approval of the trial judge, and the transcript does not show any of them to have been filed in the trial court.   We call attention to these matters in order that any errors or omissions may be corrected if appellant should

desire the reinstatement of his appeal.

The appeal is dismissed

*Dismissed.*

ON REHEARING.

June 20, 1923.

LATTIMORE, JUDGE.—In a motion for rehearing and as a part thereof appellant asks for a certiorari to compel the trial court to approve and order filed certain bills of exception which appear in the record without having been filed in the court below and without the approval of the trial judge. This court does not make the law but earnestly tries to ascertain if same has been followed in the trial of each case coming before it. In this case it appears that the District Court of Cooke County convened on October 29, 1922, and under the statute could continue in session but eight weeks. This manifestly would require the court to adjourn not later than December 24th. Our law gives thirty days thereafter for the filing of bills of exception. An examination of the bills found in this record show that they were prepared and submitted to the trial court for approval as of date the 22nd of February 1923. This would necessarily under the statute make them too late, and even if signed by the trial judge as of that date and filed as of that date, this court would be powerless to consider them. Nor does this court by certiorari compel trial judges to approve bills of exception. It thus appearing that nothing could come from the granting of the writ of certiorari or the rehearing herein, appellant's application for both will be denied.

*Writ denied.*