Milton Buckhannan was convicted of conspiracy to commit a felony, and appeals. Affirmed.

Henderson & Bolin, of Daingerfield, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Morris county of a conspiracy to commit a felony, and his punishment fixed at two years in the penitentiary.

[1, 2] There is but one bill of exceptions in the record which contends that the indictment was insufficient for not alleging that appellant and his coconspirators did not have a legal permit authorizing them to manufacture intoxicating liquor. We deem the contention without merit, and have held that if one manufactures intoxicating liquor for one of the excepted purposes, the fact that he has no permit does not penalize him. Burciago v. State, 88 Tex. Cr. R. 576, 228 S. W. 562; White v. State (Tex. Cr. App.) 247 S. W. 557. Nor do we think it a sound proposition that the indictment charged no offense because at the time of the enactment of the statute making a conspiracy to commit a felony, punishable by law, there was no such felony offense in this state as the unlawful manufacture of intoxicating liquor. In our opinion it was the intention of the Legislature in the enactment of the conspiracy statute to include within its prohibition a conspiracy to commit any felony which might thereafter be made such by the Legislature.

There seems no question of the purpose of appellant to unlawfully manufacture intoxicating liquor. The state's case shows beyond question that he and others were engaged in preparation for such manufacture, carried to the point of putting in place and getting ready the instruments and machinery for same. Appellant testified admitting his own preparation for such manufacture and purpose so to engage, but denying participation therein by any other person. The evidence offered on behalf of the state justified the conclusion of the jury that other persons were so engaged with him in such preparation and their further conclusion of a conspiracy to perform the act made a felony by the statute.

Finding no error in the record, the judgment will be affirmed.

On Motion for Rehearing.

[3] In his motion for rehearing appellant insists that the indictment is fundamentally erroneous in that it failed to charge that the purpose of appellant and his alleged coconspirators in the unlawful manufacture of liquor was not within one of the exceptions contained in the Dean Law. (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.). In other words, while it is admitted that it is not necessary for an indictment charging directly the unlawful manufacture of intoxicating liquor, under the present statutes, to allege that same was not for sacramental, scientific, medicinal, or mechanical purposes, still it is insisted, in alleging a conspiracy to commit such felony, the indictment should negative the exceptions contained in the statute. Our examination of the authorities does not lead us to accept the appellant's conclusion in this regard. All of the authorities in this state seem to hold that it is not necessary, in alleging a conspiracy to commit an offense, to allege the offense intended with even the fullness or particularity necessary in an indictment charging only the commission of the offense thus said to be in contemplation. This rule will be found announced in the early case of Brown v. State, 2 Tex. App. 115, and seems to have been followed in the few cases charging this offense.

This being the only question raised on appeal, and not being able to agree to the position of appellant, the motion will be overruled.

---

ADAMS v. STATE. (No. 7746.)

(Court of Criminal Appeals of Texas. May 23, 1923. Rehearing Denied June 20, 1923.)

1. Criminal law ⟨⤳1104(2)—Appeal dismissed where caption to transcript fails to show when court convened or adjourned.

Where caption to the transcript fails to show when court convened or adjourned, motion to dismiss the appeal will be sustained.

2. Criminal law ⟨⤳1099(13)—Original statement of facts must be forwarded to appellate court.

A record in a felony case showing a statement of facts signed by the attorneys and approved by the trial judge, but not appearing to have been filed in the trial court, is insufficient, as in felony cases the original statement of facts must be forwarded to the Court of Criminal Appeals.

3. Criminal law ⟨⤳1092(11, 16)—Bills of exception must be approved and filed below.

Bills of exception not approved by the trial judge nor filed in the trial court are insufficient.

On Motion for Rehearing.

4. Criminal law ⟨⤳1092(7)—Bills of exception held too late.

Where bills of exception were prepared and submitted to the trial court at a date after the expiration of 30 days after adjournment of the trial court, they were too late, and, even if signed by the trial judge and filed as of that date, they could not be considered on appeal.

**5. Criminal law ⬦1092(10)—Trial court's approval of bills of exception not compelled by certiorari.**

The Court of Criminal Appeals will not by certiorari compel trial judges to approve bills of exception.

Appeal from District Court, Cooke County; O. R. Pearman, Judge.

Sam Adams was convicted of an offense, and appeals. Appeal dismissed.

J. A. Carlisle, of Sherman, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. [1] The caption to the transcript fails to show when court convened or adjourned. The Assistant Attorney General has filed a motion asking the dismissal of the appeal because of such omission. The motion must be sustained. See Lowrey v. State, 92 Tex. Cr. R. 311, 244 S. W. 147; Mandosa v. State, 88 Tex. Cr. R. 84, 225 S. W. 169; Davis v. State, 88 Tex. Cr. R. 183, 225 S. W. 532.

[2, 3] We find in the record a statement of facts signed by the attorneys and approved by the trial judge on March 4, 1923, but it is nowhere made to appear that it was ever filed in the court below. In felony cases the original statement of facts must be forwarded to this court. There are also what purport to be several bills of exception in the record. None of them bear the approval of the trial judge, and the transcript does not show any of them to have been filed in the trial court. We call attention to these matters in order that any errors or omissions may be corrected if appellant should desire the reinstatement of his appeal.

The appeal is dismissed.

On Motion for Rehearing.

LATTIMORE, J. [4, 5] In a motion for rehearing and as a part thereof appellant asks for a certiorari to compel the trial court to approve and order filed certain bills of exception which appear in the record without having been filed in the court below and without the approval of the trial judge. This court does not make the law, but earnestly tries to ascertain if same has been followed in the trial of each case coming before it. In this case it appears that the district court of Cooke county convened on October 29, 1922, and under the statute could continue in session but eight weeks. This manifestly would require the court to adjourn not later than December 24th. Our law gives 30 days thereafter for the filing of bills of exception. An examination of the bills found in this record show that they were prepared and submitted to the trial court for approval as of date the 22d of February, 1923. This would necessarily, under the statute, make them too late, and, even if signed by the trial judge as of that date, and filed as of that date, this court would be powerless to consider them. Nor does this court by certiorari compel trial judges to approve bills of exception. It thus appearing that nothing could come from the granting of the writ of certiorari or the rehearing herein, appellant's application for both will be denied.