## J. A. DAVIS V. THE STATE.

### No. 5777.   Decided November 24, 1920.

**1.—Pool Hall—Transcript—Caption—Date—Practice on Appeal.**

Where, it is impossible for this court to tell whether the transcript contains the record of the trial during any particular year, as no date appears anywhere in the caption, nor is it there stated when the term of the court began and ended, the appeal must be dismissed; but where on re-hearing it appeared that a proper caption has been affixed, etc., the appeal is reinstated and decided upon its merits.

**2.—Same—Constitutional Law—Concurrent Resolutions—Legislative Journals —Corrections.**

Where, upon appeal from a conviction of the so-called "pool hall law," Chapter XIV, Acts of Thirty-sixth Legislature, appellant attacked the constitutionality of said law because a concurrent resolution of the Legislature, containing the Act in question, directed that the same be so corrected as to make it use in a certain place the word "and" instead of the word "or," which appeared in the original bill as engrossed, held, that the Legislature may make corrections such as these at any time before the bill is signed by . the presiding officers of the several houses.

**3.—Same—Legislative Bills—One Subject Expressed in Title—Concurrent Resolution.**

Where, appellant attempted to invoke that part of the Constitution which forbids that any bill or Act shall have more than one subject, which must be expressed in its title, and contended that a concurrent resolution to correct the original bill was a bill itself, and should have been referred to a committee, read on three several days, etc., held, that a concurrent resolution is neither a bill nor a joint resolution; besides, the Legislature is not deprived of its power to correct that which manifestly appears to be a clerical error, especially where the bill has not been signed by the presiding officers of the two houses. Distinguishing: Hunt v. State, 22 Texas Crim. App., 396, and other cases.

**4.—Same—Caption—Matters not Comprehended in Bill.**

Where, appellant complains that the caption of said Act, *supra*, is not sufficient in that there are matters in the bill not comprehended by the caption, held, that this would not be a good objection to the caption, and that the bill would only be invalid as to matters not so comprehended in the scope of the title, and, where the caption and the act itself are not in conflict, said contention is untenable.

**5.—Same—Caption—Terms of Act—Rule Stated.**

Where, appellant objected to the above law, *supra*, in that the purpose o⁺ the Act, as stated in the caption, was to forbid pool halls, the inclusion of billiards and billiard tables in the definition of a pool hall is not allowable, but it appeared from the Act in question that it did not comprehend legislation incongruous in itself, and its provisions by a fair construction have connection with the subject expressed, the same is valid; besides, Section 35, Article 3, of our State Constitution must be liberally construed; and, if the act be singular in substance and its provisions germane in any degree, it will be upheld. Following Nichols v. State, 32 Texas Crim. Rep., 403, and other cases.

**6.—Same—Constitutional Law—Rule Stated—Legislative Power.**

There is no express limitation in our Constitution upon the power of the Legislature in defining what constitutes a given offense, and, unless the language and terms in such definition be so repugnant, unintelligible, or inadequate as to fail to make clear the meaning and intent of the law-makers. etc., the court will not undertake to create limitations or invade the domain of a coordinate department of the government.

**7.—Same—Pool and Billiard Tables—Legislative Power.**

Where, the appellant contended that the inclusion of billiards and billiard tables in the definition of a pool hall is not allowable, held, that the court does not know judicially or otherwise any reason why denominating a certain place as a billiard hall or parlor might not mean that pool, as well as billiard tables, were there exhibited, and we do not think the Legislature exceeded its power, or included repugnant or incongruous elements when it defined pool halls as being those places where pool and billiard tables were exhibited. Following Newman v. Williamson, 46 Texas Civil Appeals, 615, and other cases.

**8.—Same—Pool Halls—Billiards—Legislative Intent.**

We hold without further elaboration that the Legislature had power to include within its definition of a pool hall those places where were exhibited tables or structures at which were played games of pool or billiards of any kind or character.

**9.—Same—Words and Phrases—Statutes Construed—Constitutional Law—Surplusage.**

Where, appellant attacked the so-called pool-hall law, Chapter XIV, Section 1, of the Act of the Thirty-sixth Legislature, as unconstitutional, in that said act seeks to include within its definition of a pool hall any place where is exhibited any table or structure upon which is played a game similar or dissimilar to the game of pool or billiards played with balls, cues, or pins, or any similar device, and contended that the use of the words "or dissimilar" destroyed the whole law, held, that the same is untenable, and that said words may be disregarded as surplusage.

**10.—Same—Rule Stated—Statute Construed.**

When a liberal reading of a statute leads to an absurdity plainly not intended, the courts will put such construction upon the language used as corresponds with the plain meaning and intent of the Legislature, and to effect that purpose, will strike out words clearly superfluous. Following Gage v. Chicago, 201 Ill., 93.

**11.—Same—Words and Phrases—Legislative Intent—Surplusage.**

The words "or dissimilar" may be treated as surplusage, and do no violence to the Act, *supra;* and do not take from it that which the Legislature purposely wrote there, and do not affect the frame work of the entire Act. The purpose of the Legislature was to write this law in such broad terms as to make impossible the existence of those places known in common parlance as pool halls, and its intention cannot be misconstrued.

**12.—Same—Innocent Game—Pool Tables—Statutes Construed.**

There is no condemnation in said Act of innocent games; besides, this has no particular reference to the instant case; it not being contended here that defendant operated any other kind of tables save pool, clearly within the violation of the statute.

Appeal from the County Court of Bell. Tried below before the Honorable M. B. Blair.

Appeal from a conviction of a violation of the pool hall law defined by the terms of Chapter XIV, Section 1, Acts of the Thirty-sixth Legislature; penalty, a fine of twenty-five dollars.

The opinion states the case.

*Williams & Williams,* and *Black and Smedley,* for appellant.—On question of unconstitutionality of Section 1, Chapter XIV, Acts of Thirty-sixth Legislature: Augustine v. State, 41 Texas Crim. Rep., 59; Cogdell v. State, 81 id., 66; Griffin v. State, 218 S. W. Rep., 494; Tozer v. U. S., 52 Fed., 919; Hewitt v. State Board of Examination, 84 Pacific, 39; U. S. v. Brewer, 139 U. S. 278; Ry. Company v. Dey, 35 Fed., 865; Northern Pacific Ry. Co. v. U. S., 213 Federal, 162; Ry. Co. v. Commonwealth, 35 S. W. Rep., 129; Coe v. Lawrence, 72 English Ruling Cases, 516; Sturgis v. Crowninshield, 4 Wheaton, 202; International Harvester Company v. State of Kentucky, 234 U. S., 222; Ex Parte Roquemore, 131 S. W. Rep., 1101; Ex Parte Muckenfuss, 52 Texas Crim. Rep., 467.

On question of innocent games: Condon v. Forest Park, 278 Ill., 218; Lawton v. Steele, 152 U. S., 133; McLean v. Arkansas, 211 U. S., 539.

On question of caption of act: State v. Cumberland Club, 188 S. W. Rep., 583; Smith v. State, 17 Texas, 191; Squire v. State, 66 Indiana, 317; Rodgers v. State, 26 Alabama, 26; Commonwealth v. Montedenico, 13 Kentucky Opinions, 347; Giddings v. San Antonio, 47 Texas, 556; Joliff v. State, 53 Texas Crim. Rep., 63; Ex Parte Abrams, 120 S. W. Rep., 833; Brown v. State, 122 id., 565.

On question of valid and invalid parts of legislative act: Western Union Tel. Co. v. State, 62 Texas, 630; Ex parte Massey, 92 S. W. Rep., 1083; Baldwin v. Franks, 120 U. S., 678.

On question of words and phrases and incongruous terms: Butts v. Merchants, etc., Transportation Company, 230 U. S., 126; Spain v. Ry. Co., 151 Federal, 522; James v. Bowman, 190 U. S., 127;

Ry. Co. v. McKengree, 203 U. S., 514; Trade Mark Cases, 100 U. S., 82. Virginia Coupon Cases, 114 U. S., 217.

*C. M. Cureton*, Attorney General, *Alvin M. Owsley*, and *E. F. Smith*, Assistant Attorneys General, for the State.—The enactment of a law raises the presumption that it is valid. All doubts must be resolved in favor of its validity. Lyle v. State, 193 S. W., 680; Altgelt v. Gutzeit, 187 S. W., 220; Hale County v. Lubbock County, 194 S. W. 678; Glass v. Pool, 166 S. W., 375; Railway Company v. Griffin, 171 S. W., 703; Railway Company v. Express Company, 173 S. W., 217; Ex parte Mode, 180 S. W., 798; Harris County v. Stewart, 91 Texas, 133; Ashford v. Goodwin, 131 S. W., 535; Fletcher v. Peck, 6 Cranch (U. S.), 87; Cheeney v. Jones, 14 Fla., 587; Whitlock v. Hawkins, 105 Va., 242; Cooley's Constitutional Limitations, p. 216.

Any practice or business, the tendency of which as shown by experience is to weaken or corrupt the morals of those who follow it, or to encourage idleness instead of habits of industry, is a legitimate subject for regulation or prohibition by the State. Marvin v. Trout, 199 U. S., 212; Ah Sin v. U. S., 198 U. S., 500; Western Tuff Assn. v. Greenburg, 204 U. S., 339; Douglas v. Kentucky, 168 U. S., 488; Boothe v. Illinois, 184 U. S. 425; Logan & Bryan v. Postal, etc., Co., 157 Fed., 570; Wallace v. Reno, 27 Nev., 71, 63 L. R. A., 337; Parker v. Otis, 130 Cal., 332, 92 A. S. R., 56; L'Hote v. New Orleans, 51 La. Ann., 93, 44 L. R. A., 90.

Courts, in passing upon the constitutionality of a law passed by both branches of the Legislature, properly signed by the presiding officer of each, approved by the Governor, and promulgated as the law of the land in compliance with all other constitutional requirements, are not required to go behind the enrolled bill, deposited as a record in the office of the Secretary of State, and consult the journals of the Legislature with reference to the antecedent proceedings in the enactment of the law. Usener v. State, 8 Texas App., 177; McLane v. Paschal, 28 S. W., 711; Day Land & Cattle Co. v. State, 68 Texas, 526; Parshall v. State, 138 S. W., 759; H. & T. C. Ry. Co. v. Stuart, 48 S. W., 799; El Paso, etc., Ry. Co. v. Foth, 100 S. W., 171; Williams v. Taylor, 83 Texas, 667; In re Tipton, 28 Texas App., 438; H. & T. C. Ry. Co. v. Odum, 53 Texas, 343; Blessing v. Galveston, 42 Texas, 641; Field v. Clark, 143 U. S., 649; Leaper v. Texas, 139 U. S., 462; Lyons v. Woods, 153 U. S., 649.

Titles to acts should receive a liberal construction, especially, criminal acts. Ex parte Segars, 25 S. W., 26; Nicols v. State, 23 S. W., 680; Joliff v. State, 109 S. W., 176; Brown v. State, 122 S. W., 565; Ex parte Walch, 129 S. W., 118; Morris v. Gussett, 62 Texas, 741; Fahey v. State, 27 Texas App., 146.

As an aid in the construction of the law, the caption may be referred to, and it is equally permissible in the construction of the

caption to refer to the body of the act. City of Austin v. McCall, 95 Texas, 565; Morris v. State, 62 Texas, 741; Otoe County v. Baldwin, 111 U. S., 16; 2 Sutherland, Statutory Construction. p. 651; Railway Co. v. Riblet, 66 Pa., 164; Hines v. Wilmington, etc., Co., 95 N. C., 434; Nazor v. Merchants, etc., Co., 14 Wis., 295; Dodd v. State, 18 Ind., 56; Cooley's Constitutional Limitations, 169 et seq.; Commonwealth v. Barney, 24 Ky. L. R., 2352.

The language used in the caption of Senate bill No. 14 is broad and comprehensive enough to include both pool and billiards. Stone v. State, 3 Texas App., 675; Taylor v. State, 95 S. W., 119; Clear Water v. Bowman (Kan.), 82 Pac., 526; Smith v. State, 17 Texas, 191; 7 Century Dictionary, 4618; Webster's Dictionary (Unabridged), 1113; Sikes v. State, 67 Ala., 77; State v. Pamprin, 42 Minn., 320.

The presumption is that the Legislature of the State of Texas had before it at the time it passed the "Pool Hall Law" sufficient evidence to justify it in finding that pool and billiard halls are a menace to the health, prosperity, morals, and general welfare of the people of Texas. The courts will not go behind that finding, but will treat the fact as proved without allegation or proof. State v. Layton, 160 Mo., 474, 62 L. R. A., 163; People v. Durston, 119 N. Y., 569, 7 L. R. A., 715; In re Yunquong, 159 Cal., 508; Viemeister v. White, 179 N. Y., 225, 70 L. R. A., 798.

LATTIMORE, JUDGE.—The caption of the transcript in this case is as follows:
"The State of Texas
County of Bell

At the February Term of the County Court, begun and holden at Belton, within and for the county of Bell, before the Honorable M. B. Blair, County Judge, the following case, among others, came on for trial, to-wit:

The State of Texas

No. 566    vs.

J. A. Davis."

It is impossible for us to tell whether the transcript, of which the foregoing is the caption, contains the record of the trial during any particular year, as no date appears anywhere in the caption; nor is it there stated when the term of the court began and ended. This Court suffers so continually from the carelessness of the officials charged with the duty of preparing transcripts, that its limit of patience is almost reached. It seems that calling attention in opinions, to such matters, has little effect. The rules of practice with regard to these matters are well understood, and there is no excuse

for the delay and expense incident to the necessary correction of such errors.

The appeal is dismissed.

*Dismissed.*

ON REHEARING.

November 24, 1920.

LATTIMORE, Judge.—This appeal was dismissed at a former time by this Court, on account of a defective caption to the transcript. It now appears that a proper caption has been affixed. as shown by the official certificate of the County Clerk of Bell County, and upon motion the cause is reinstated, and is now decided upon its merits.

Appellant was the proprietor of a building in Holland, Bell County, Texas, in which pool tables were exhibited for hire, and was convicted in the County Court of said County, for the offense defined by the terms of Chapter 14, passed at the regular session of the Thirty-sixth Legislature, which forbids the operation and maintenance of pool halls, and his punishment fixed at a fine of $25.

In bringing this appeal before this Court, appellant's contentions are made up of attacks upon the law, based on various reasons, which will be noted in their order.

Appellant first says that the law is unconstitutional, because of the fact that a concurrent resolution was introduced in evidence, which appears in the respective Journals of the two Houses of the Texas Legislature, by which resolution it was directed that the bill containing the law in question, be so corrected as to make it use in a certain place the word "and" instead of the word "or," which appeared in the bill as originally engrossed. In passing upon this matter, we can only consider such facts as were made to appear on the trial, and present in the record as there made.

In support of his motion to quash the pleading on the ground just stated, appellant offered in evidence excerpts from the Senate Journal of the Regular Session of 1919, page 261, and of the House Journal. page 353. Nothing in either excerpt indicates the date of the introduction or adoption of the resolution referred to. Said resolution is as follows:

"Be it resolved by the Senate of Texas, the House of Representatives concurring, that the engrossing clerk of the Senate be and she is hereby authorized and directed to correct Senate Bill No. 14 as engrossed so that the clause, 'or by both such fine or imprisonment' as the same appears in Section 2 of said bill be corrected so as to read, 'or by both such fine and imprisonment,' as the same appears in the original bill and that the enrolling clerk be authorized and directed to enroll said bill as corrected by this resolution."

In appellant's brief, however, it is stated that this resolution was adopted in each House on February 7th, and that Senate Bill No 14, which is the Act here complained of, was signed on February 10th by the presiding officer of the Senate; and on February 11th, by the presiding officer of the House. While we could not consider facts in the brief which are not a part of the record, we make mention of the above simply to add that in our opinion, the Legislature may make corrections such as here appear, at any time before a bill is signed by the presiding officers of the several houses. and that, too, without violating the spirit or letter of any part of our Constitution affecting the making of laws. Appellant attempts to invoke that part of the Constitution which forbids that any bill or Act shall have more than one subject, which must be expressed in its title: and he seems to be of opinion that this concurrent resolution was a bill, and should have been referred to a committee, read on three several days, etc. Appellant cites Hunt v. State, 22 Texas Crim. App., 396; Ford v. State, 23 Texas Crim. App., 521, and Wright v. State, 23 Texas Crim. App., 213, as supporting his contention. The two latter cases disclose opinions rendered without discussion, but with reference to and based upon the Hunt case. This latter case contains only a discussion of that portion of our Constitution which requires that the presiding officers of each House of our Legislature shall sign all bills and *joint* resolutions passed by the Legislature, in the presence of the House over which they respectively preside. and cause the fact of such signing to be entered on the Journal. There is a lengthy discussion in said case, *pro* and *con*, of the right to investigate the fact that such bills and joint resolutions were not so signed, and whether same may be inquired into by the court by investigation of the Journals in certain instances. Without discussing the numerous authorities in this State and others, as well as decisions of the Supreme Court of the United States, which hold that it is not permissible to go behind the enrolled bills, properly signed by the said presiding officers, and approved by the Governor. we observe that nothing in the Hunt case, *supra,* sustains appellant's contention in this particular. A concurrent resolution is neither a bill nor a joint resolution; nor are we aware of any law, constitutional provision or decision of any court, which would deprive the Legislature of its power to correct that which manifestly appears to be a clerical error. and which correction so made was necessary to properly coordinate the other words used in the phrase mentioned and to restore the bill to its original form. Especially is this true when it appears that the correction was made before the bill had been signed by the presiding officer of either house, and at a time when same was properly under the control of the legislative body.

It further appears that both Houses unanimously agreed to the correction referred to in said resolution.

Appellant also complains that the caption of said Act is not sufficient, in that there are matters in the bill not comprehended by the caption. This would not be a good objection to the caption. If the

bill contains subjects not properly included in the scope of the title thereto, this might make invalid that part of the bill not so comprehended, but if such objection be made and aimed at the caption, same would not be sustained. In the Act under discussion, the caption is as follows:

"An Act to prohibit the maintenance and operation of pool halls within the State of Texas; defining the term pool hall as used in this act; declaring that the threatened, actual or contemplated use of any premises, place, room, building, or part thereof, or tent or any kind of enclosure, for the purpose of a pool hall as defined in the act shall be enjoined at the suit of the State or any citizen thereof; stating who may be made party defendant in such injunction suits, conferring certain powers and authority upon and fixing certain duties for the Attorney General and the county and district attorneys of the State with reference to such suits; fixing the procedure in such suits; creating and defining offenses in violation of the act and providing the punishment therefor; and declaring an emergency."

It is also urged that there are matters in the bill not comprehended by the caption, and if so, under the express direction of Sec. 35, Article 3, of our State Constitution, such Act would be void as to such extraneous provision, provided that such uncomprehended provision be separable from the others. Campbell v. Cook, 24 S. W. Rep., 977; Roddy v. State, 16 Texas Crim. App., 502; Albrecht v. State, 8 Texas Crim. App., 216; McLoury v. Watelsky, 87 S. W. Rep., 1049; Joliff v. State, 53 Texas Crim. Rep., 61; Clark v. Finley, 93 Texas, 171; Ry. v. Lloyd, 63 Texas Crim. App., 47, 132 S. W. Rep., 908.

Examining the terms of the Act in question, we find that the portion objected to appears in Section 1 of the Bill, which Section is as follows:

"On and after the first day of May, A. D. 1919, it shall be unlawful for any person acting for himself or for others to maintain or operate a pool hall within this State. The term 'pool hall' as herein used mean and include any room, hall, building or part of building, tent, or enclosure of any kind or character, similar or dissimilar to those named or any enclosed open space in which or where are exhibited for hire, revenue, price, fees, or gain of any kind, any pool or billiard table or tables, or stands or structures, of any kind or character or in which are or may be played pool or billiards of any kind or character or any game, similar or dissimilar to the game of pool or billiards played with balls, cues, or pins or any similar devices; any such table or tables, stands or structures of any kind or character used or exhibited in connection with any place where goods, wares, or merchandise or other things of value are sold or given or where or upon which any money or thing of value is paid or exchanged, shall be regarded as a place where is exhibited tables, stands or structures herein referred to for hire, revenue or gain."

Appellant's next objection to this law is that the purpose of the Act, as stated in the caption, being to forbid pool-halls, the inclusion of billiards and billiard tables in the definitions of a pool hall, is not allowable.

Before considering appellant's various objections to this section, we call attention to the almost uniform holdings of our Court that the above named provision of the Constitution should be liberally construed, and that if the Act be single in subject, and its provisions germane in any degree, it will be upheld. Nichols v. State, 32 Texas Crim. Rep., 403; Joliff v. State, 53 Texas Crim. Rep., 63; Ex Parte Abrams, 56 Texas Crim. Rep., 467; Fahey v. State, 27 Texas Crim. App., 146; Singleton v. State, 53 Texas Crim. Rep., 626; Ex Parte Walsh, 59 Texas Crim. Rep., 415; Joy v. City of Terrell, 138 S. W. Rep., 215.

Unless it appears that the Act in question comprehends legislation incongruous in itself, or whose provisions by no fair construction, have connection with the subject expressed, the law will be upheld. Floeck v. State, 34 Texas Crim. Rep., 314; Newman v. Williamson, 46 Texas Civ. App., 615, 103 S. W. Rep., 656. The subject of the Act here in question is plainly stated to be to prohibit pool halls; to define pool halls, and to provide certain ways of preventing same. We have found no express limitation in our Constitution upon the power of the Legislature, in defining what constitutes a given offense, and unless the language and terms in such definition be so repugnant, unintelligible, or inadequate as to fail to make clear the meaning and intent of the law-makers, or it appear that they seek to make penal that against which reason would rebel, the Court would not undertake to create limitations, or invade the domain of a coordinate department of the Government. That pool and billiard tables have much similarity, and are usually found in the same resort, and are supported by the same class of patrons, and result in similar evils when exhibited for gain, are questions of fact for ascertainment by the Legislature, and nothing before us calls for any review of the exercise of their right in this regard. We do not know judicially or otherwise, any reason why denominating a certain place as a billiard hall or parlor, might not mean that pool, as well as billiard tables, were there exhibited, or *vice versa,* that a pool hall might not be well understood to be a place where billiard tables are kept, as well as pool tables. We do not think the Legislature exceeded its power, or included repugnant or incongruous elements, when they defined pool halls as being those places where pool and billiard tables were exhibited.

Considering appellant's next objection, we hold without further elaboration, that the Legislature had power to include within its definition of a pool-hall, those places where were exhibited tables or structures at which were played games of pool or billiards or any kind or character.

With reference to what would appear to be the next ground of appellant's attack upon this law, we would observe that that part of said Act which seeks to include within its definition of a pool hall, any place where is exhibited any table or structure upon which is played a game similar or dissimilar to the game of pool or billiards, played with balls, cues, or pins, or any similar devices, is objected to by appellant at length, he contending that the use of the words ''or dissimilar'' destroys the whole law, for the reason that the same being written into the law, would include any game, whether like or unlike pool or billiards, provided such game be played with balls, cues, or pins. and be in an enclosure, upon a structure, and be for gain.

Let us again observe that the purpose of this law seems manifestly to be to prohibit pool halls, or places where the idle, and possibly the vicious congregate to play pool or billiards, or similar games upon tables or structures exhibited for gain; and we are led to believe that this purpose will be attained, and the Act substantially be unaffected, if the words ''or dissimilar'' were disregarded and held as surplusage.

In Lewis's Sutherland's Statutory Constructions, Vol. 2, Second Edition, Sec. 367, quoting from Sturges v. Crowninshield, 4 Wheat. 202, it is said, ''Where words conflict with each other, where the different clauses of the instrument bear upon each other, and would be inconsistent unless the natural and common import of the words be varied, construction becomes necessary.'' We take it to be well understood that a statute must be construed with reference to its manifest object, and if the language used be susceptible of two constructions, one of which would carry out, and the other defeat such object, it should receive the former construction. People v. Henricksen. 161 Ill., 223. It is also well inderstood that if necessary to give effect to a law whose intent is plain, words may be supplied, or one word be substituted for another, or words may be transposed; and, likewise, it is held that contradictory words, or repugnant words and expressions, may be eliminated.

Referring again to the last text-writer mentioned above, and Section 384 of said work, we find that the author says: ''Where a word or phrase in the statute would make the clause in which it occurs unintelligible. the word may be eliminated, and the clause read without it.'' Also, in Black on Interpretation of Statutes, Chapter 3, Section 39, Mr. Black says:

''It is the duty of the courts to give effect, if possible, to every word of the written law. But if a word or clause be found in a statute which appears to have been inserted through inadvertence or mistake, and which is incapable of any sensible meaning, or which is repugnant to the rest of the act and tends to nullify it, and if the statute is complete and sensible without it, such word or clause may be rejected as surplusage.''

Also, we find in Section 35 of the same Chapter of the same work, the following:

"The use of inapt, inaccurate, or improper terms or phrases in a statute will not defeat the act, provided the real meaning of the Legislature can be gathered from the context or from the general purpose and tenor of the enactment. In such cases, the words in question will be interpreted according to that meaning which the Legislature actually intended to express, although this may involve a departure from their literal signification."

The purpose and intent of the Legislature in the Act in question, appearing so obvious throughout, both in the caption and the body of the bill; and it so plainly being our duty to uphold the Act under any reasonable rule of construction, it would appear that the above quotations would settle any question regarding the matter. We note, however, one further holding. In Gage v. Chicago, 201 Ill., 93, appears the following: "When a liberal reading of a statute leads to an absurdity plainly not intended, the courts will put such construction upon the language used as corresponds with the plain meaning and intent of the Legislature; and to effect that purpose, will strike out words clearly superfluous."

Applying the above rule, we are led to say that we would not feel justified in holding the use of the contradictory words "or dissimilar," as destructive of this Act, but would rather incline to their elimination as surplusage, holding that the manifest purpose of the statute was to forbid the exhibition for gain of, first, pool and billiard tables; second, the exhibition for gain of any character or kind of pool or billiard tables, and, third, the exhibition for gain of any structure on which may be played any game of any kind or character, played with balls, cues, or pins, which is similar to pool or billiards.

It is contended also that to treat the words "or dissimilar" as surplusage, would be to do violence to the Act, and to take from it that which the Legislature purposely wrote there, and to thereby affect the framework of the entire Act. We do not think so, but believe that by regarding said word as surplusage the sense of said Act is thereby preserved, and also that the desire and purpose of the Legislature was to write this law in such broad terms as to make impossible the existence of those places known in common parlance as *pool halls*, and that in evident effort to suppress such places, and to prevent the evasion of such laws, they used contradictory and inapt language, whose effect is so opposed to the whole body of the statute, as to leave no doubt of its not being so intended.

We are unable to find any condemnation of innocent games in this statute, as we have construed it; if in fact there be games so inherently innocent as that they may not become evil by the injection of vicious surroundings and elements.

We have thus expressed our views at length, having in mind that as to appellant much of what we have said is in reply to the general

88 Tex.—13

attack on the statute, and has no particular reference to his case; it not being contended here that he operated any other kind of tables save pool, in any kind of enclosure except a house, and that his case is clearly within the meaning and forbiddance of the statute.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*