

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:                     Opinion No. O-2943
                              Re: Does Article 4668, Vernon's Civil
                                  Statutes, 1925, cover pin ball
                                  machines or marble tables.

        We have received your letter of recent date request-
ing our opinion on the above stated question. Your letter
reads as follows:

        "I have been requested by the Chief of Police
    of one of the largest cities in the State to re-
    quest an opinion from you in regard to Article 4668
    of the Revised Civil Statutes as to whether or not
    this article would cover pin ball machines or mar-
    ble tables."

        Article 4668, Vernon's Civil Statutes, 1925, makes
the operation of a pool hall within this State unlawful.
"Pool Hall" is defined in said article:

        "...The term 'Pool Hall' as used herein, in-
    cludes any room, hall, building or part thereof,
    tent or enclosure of any kind similar to those
    names, or any inclosed open space, in which are
    exhibited for hire, revenue, fees or gain of any
    kind, or for advertising purposes of any kind,
    any pool or billiard table or stand or structure
    of any kind or character on which may be played
    pool or billiards, or any game similar to pool
    or billiards played with balls, cues or pins or
    any similar device...."

        The Legislature, in enacting Article 4668, supra,
obviously had in mind to forbid the exhibition for gain of
any character or kind of pool table, and the exhibition for

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

gain of any structure on which may be played any game of any kind or character played with balls, cues or pins, which is similar to pool or billiards. Davis vs. State, 225 S.W. 532.

It will be noted that the kind or character of game referred to must be played with balls, cues or pins, and must be similar to pool or billiards.

Webster's New International Dictionary, Second Edition, defines "billiards" as:

"Any of several games played on an oblong table, now made with a slate bed covered with green cloth, surrounded by an elastic edge or cushion, with balls which are impelled by a cue.

"In the American or French game, the standard table is ten by five feet, outside measurements, and is without pockets, the balls are 2 3/8 inches in diameter, and points are scored by caroms only. Smaller tables are often used."

"Pool" is defined in Webster's New International Dictionary, Second Edition, as:

"Any of various games of billiards played on a pool table with, usually, fifteen object balls marked or plain, and a cue ball."

The Court of Criminal Appeals in the case of Taylor vs. State, 95 S.W. 119, speaking through Judge Henderson, said:

"Century Dictionary defines 'Pool" as a game played on a billiard table with six pockets by two or more persons. In the United States, the game is played with fifteen balls, each ball numbered and counting 1 to 15. The object of each player is to pocket the balls; the number of each ball being placed to his credit."

Your letter contains no description of the "pin ball machine" or "marble tables" referred to, but we assume these machines or tables are built and operated in substantially the same principle and are similar to the marble machine condemned by the relatively recent cases of Adams vs. Antonio (Civ. App.) 88 S.W. (2d) 503; Roberts vs. Gossett (Civ. App.) 88 S.W. (2d) 507; and Houston v. Fox (Civ. App.) 93 S.W. (2d) 781.

Therefore, in view of the foregoing authorities, and in view of the obvious purpose of the Legislature in enacting Article 4668, supra, you are respectfully advised that it is the opinion of this Department that your question should be answered in the negative.

Trusting that this disposes of your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By D. Burle Daviss

D. Burle Daviss
Assistant

DBD:AW

APPROVED DEC 18, 1940

ATTORNEY GENERAL OF TEXAS