

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**FAGAN DICKSON**
FIRST ASSISTANT

November 8, 1948

*overruled in part by Chernosky ex parte Ct. crim app. 217 sw 2d 673*

Hon. James C. Martin
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. V-714.

Re: Whether Section 51 of
the Uniform Traffic
Code of 1947 prohibits
reckless driving as a
criminal offense.

Dear Sir:

Your letter of September 20, 1948, asks our opinion as to whether Section 51 of the Uniform Traffic Code of 1947, codified as Article 6701d, Vernon's Civil Statutes, defines a criminal offense. We held in our Opinion No. V-413, dated October 24, 1947, that the Section in question was not unconstitutional as against the objection of its being indefinite in its description of the offense of reckless driving.

You have inquired as to whether Section 51 of the Uniform Traffic Code of 1947 makes the act of reckless driving, as therein defined, unlawful or a crime. Your position is that since the Section in question does not **expressly forbid** such driving, or **expressly** make such driving an **offense**, it does not create the crime or the offense of reckless driving.

The pertinent provisions of the Act in question are:

"ARTICLE II--OBEDIENCE TO AND EFFECT OF
TRAFFIC LAWS

" . . .

"Sec. 22. **Required Obedience to Traffic Laws**. It is unlawful and unless otherwise declared in this Act with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this Act.

Hon. James C. Martin, Page 2, V-714.

"...

"ARTICLE V--DRIVING WHILE UNDER THE IN-
FLUENCE OF DRUGS AND RECKLESS DRIVING

"...

"Sec. 51. Reckless Driving. Every per-
son who drives any vehicle in wilfull or wanton
disregard of the rights or safety of others or
without due caution or circumspection, and at
a speed or in a manner so as to endanger or be
likely to endanger a person or property shall
be guilty of reckless driving.

"...

"ARTICLE XVI--PENALTIES AND DISPOSITION
OF FINES AND FORFEITURES

"Sec. 143. Penalties for Misdemeanors.
(a)  It is a misdemeanor for any person to vio-
late any of the provisions of this Act unless
such violation is by this Act or other law of
this State declared to be a felony.
(b)  Every person convicted of a misdemeanor
for a violation of any of the provisions of
this Act for which another penalty is not pro-
vided shall be punished by a fine of not less
than One ($1.00) Dollar nor more than Two Hun-
dred ($200.00) Dollars."

The exact point was before the Supreme Court of
Texas in Queens Ins. Co. v. State, 86 Tex. 250, 24 S. W.
397, 22 L. R. A. 483, reversing the Court of Civil Appeals
in 22 S. W. 1048. That case involved a consideration of
an anti-trust statute which defined a "trust" but failed
to prohibit expressly such act. The Court of Civil Ap-
peals at Austin held that:

"It commands nothing and prohibits noth-
ing. . .

"The act does not prohibit a trust, or
declare it illegal. It does not declare it
an offense, or propose to punish it. It de-
fines a trust, but does not denounce it. The
act provides for penalties and forfeitures
for any violations of its provisions, but
these penalties cannot be incurred, because

there is no provision that can be infracted or violated. . . . These sections, as well as every other, proceed upon the assumption that a trust is illegal, and that it had been so declared, which is not the case. There is an important omission in the act. . . . We must hold that it is not a law, and that no suit or prosecution can be maintained under it."

The Supreme Court, however, after deciding that the case must be reversed on other grounds, and noting that a decision on the point was not necessary, disagreed with the Court of Civil Appeals, and said:

"Confining ourselves to the letter of the law, there is a clear hiatus, a lack of connection in its provisions. . . . There is no express declaration that trusts are unlawful, -- the acts which are declared to constitute a trust are not expressly made punishable, nor is any act expressly declared to be a violation of the provisions of the statute; yet the language is sufficient, we think, to manifest unmistakably the intention of the legislature to punish as offenses some of the acts defined in the first section, and it is but reasonable to conclude that the purpose was to subject them all to a like punishment. The intention of the legislature is the aim of statutory construction, and where, though not expressed, it is clearly manifested by implication from the language used, we cannot say that it should not have effect. That which is not expressed in words may be 'plainly imported' by implication. . ."

This case is a leading case in Texas on statutory construction, and the language of the Court on this point has been quoted as authority. See Storrie v. Houston City St. Ry. Co. (Sup. Ct.), 46 S. W. 796, 802.

The Act in question is for the purpose of regulating traffic. Such regulation is impressed with penal consequences throughout the Act. Reckless driving and driving while under the influence of drugs,which latter act is expressly made unlawful in the Section defining such action, are the two subjects of Article V

of the Act, and this would suggest parallel treatment in so far as criminality is concerned. In fact, Section 51, in defining reckless driving, is replete with definitive references which are incompatible with any interpretation other than that reckless driving is prohibited. Such language as "wilfull or wanton", "without due caution or circumspection", "endanger a person or property", "guilty" -- all connote prohibition and not condonation or casual definition.

It will be observed that Section 51 concludes that a person committing an action within the definition therein prescribed shall be "guilty of reckless driving". "Guilty" is defined in Webster's Dictionary as:

"Having committed a breach or breaches of conduct; justly chargeable with, or responsible for, a delinquency, crime, or sin . . . ."

Unless Section 51 be given the effect of prohibiting the activity of reckless driving, as therein defined, the Section is superfluous, inoperative and nugatory. Such a construction violates a cardinal rule that all of the language and every part of a statute should be given effect, if reasonably possible. 39 Tex. Jur. 208, Section 112. Words may be supplied, or one word substituted for another in order to give effect to the clear intent of a statute. Davis v. State, 88 Tex. Cr. R. 183, 225 S. W. 532. Finally, as stated in Oliver v. State, 65 Tex. Cr. R. 150, 144 S. W. 601, 612:

"A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter, . . ."

You are, therefore, respectfully advised that the activity defined in Section 51 of the Uniform Traffic Code of 1947, as reckless driving, is prohibited and is a criminal offense within the comprehension of Section 143 of the Act.

## SUMMARY

The activity defined in Section 51 of the Uniform Traffic Code of 1947 (Article 6701d, V. C. S.), being reckless driving,

is prohibited within the meaning of Section 22 of the Act, and is a criminal offense within the comprehension of Section 143 of the Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ned McDaniel
Assistant

Dean J. Capp
Assistant

APPROVED:

ATTORNEY GENERAL.

NMc/DJC:jmc