

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 20, 1964

Honorable J. M. Falkner
Banking Commissioner
Department of Banking
John H. Reagan Building
Austin, Texas

Dear Mr. Falkner:

Opinion No. C-230

Re: Applicability of Sections 4
and 7 of Article 1524a, V.C.S.,
to certain corporations, who are
licensees under Article 6165b,
V.C.S., Texas Regulatory Loan Act.

Your recent request to this office asked our opinion as
to whether corporations who have licenses issued by the Texas
Regulatory Loan Commissioner pursuant to Article 6165b, V.C.S.,
and whose corporate purposes (as reflected in their Articles of
Incorporation) would have made them subject to the provisions
of Article 1524a, V.C.S., are exempted from compliance with
Sections 4 and 7 of Article 1524a, V.C.S., by virtue of the
provisions of Section 29 of Article 6165b, V.C.S.

Section 29, Article 6165b, V.C.S., reads as follows:

". . . Chapter 144, Acts of the 48th Legislature,
Regular Session, 1943, compiled as Article 4646b,
Vernon's Annotated Civil Statutes of Texas, and
Articles 5069, 5071 and 5073, Revised Civil Stat-
utes of Texas, 1925, where inconsistent with this
Act shall not apply to licensees under this Act,
nor shall the provisions of Chapter 165, Acts of
the 42nd Legislature, Regular Session, 1931, as
amended, compiled as Article 1524a, Vernon's Anno-
tated Civil Statutes of Texas, apply to such
licensee." (Emphasis added.)

The portion of the caption of Senate Bill 15, Chapter 205,
Acts of the 58th Legislature, Regular Session, 1963, which re-
lates to Section 29, reads as follows:

". . . providing that Chapter 144, Acts of the 48th
Legislature, Regular Session, 1943, (compiled as
Article 4646b, Vernon's Annotated Civil Statutes of
Texas), Articles 5069, 5071 and 5073 of the Revised
Civil Statutes of Texas, 1925, and Chapter 165, Acts
of the 42nd Legislature, Regular Session, 1931, as
amended, (compiled as Article 1524a, Vernon's

-1113-

Annotated Civil Statutes of Texas), where incon-
sistent with this Act shall not apply to licensees
under this Act; . . ." (Emphasis added.)

From a comparison of the caption and Section 29 of the
Texas Regulatory Loan Act, it is obvious that Section 29 is
broader than the caption. The caption describes the scope of
the Act as exempting licensees under the Texas Regulatory Loan
Act from the purview of Article 1524a, V.C.S., only where
those provisions are inconsistent with the Texas Regulatory
Loan Act. On the other hand, Section 29 attempts by the use
of the disjunctive nor, to exclude the application of all pro-
visions of Article 1524a, V.C.S., to licensees under the Act
whether they are consistent or inconsistent.

Article III, Section 35 of the Constitution of the State
of Texas, 1876, provides in part:

". . . But if any subject shall be embraced in an
Act, which shall not be expressed in the title,
such act shall be void only as to so much thereof,
as shall not be so expressed."

The case of Davis v. State, 225 S.W. 532 (Crim.App. 1920),
held that:

"It is also urged that there are matters in the
bill not comprehended by the caption, and if so,
under the express direction of section 35, art. 3,
of our state Constitution, such act would be void
as to such extraneous provision, provided that such
uncomprehended provision be separable from the
others."

The Commission of Appeals in Consolidated Underwriters v.
Kirby Lumber Co., 267 S.W. 703 (Comm.App. 1924), stated that:

". . . it has been held, with equal uniformity,
that particular provisions are not within a given
title where no subject at all is expressed in the
title; where the ultimate subject expressed and
that provided for are plainly different; where the
provisions are palpably ulterior or foreign to the
title; where they are separate, distinct from, and
not germane to the subject expressed; where by no

intendment they possess a necessary or proper con-
nection with it; where they are disconnected from
it and inappropriate to it; or where the provisions
come clearly within the evil to be suppressed."
(Emphasis added.)

However, under the express provision of Article III, Sec-
tion 35, of the Constitution, an act containing matters not
included within the caption is void as to the extraneous pro-
vision provided it is separable from the others. Therefore,
from the language of the cases cited, it is clear that since
the caption contemplated an exemption from the provisions of
Article 1524a, V.C.S., only where they were inconsistent with
the Texas Regulatory Loan Act, but Section 29 attempted to
provide exemption from all provisions of Article 1524a, V.C.S.,
whether inconsistent or not, that the Texas Regulatory Loan
Act cannot be given an effect broader than its caption.

Acts 1931, 42nd Legislature, Chapter 165, as amended,
which is codified as Article 1524a states in Section 1 that:

"This Act shall embrace corporations heretofore
created having for their purpose or purposes any or
all of the powers now authorized in subdivisions 48,
49 or 50 of Article 1302, Revised Civil Statutes of
Texas, 1925, and heretofore or hereafter created
having in whole or in part any purpose or purposes
now authorized in Chapter 275, Senate Bill Number
232 of the General and Special Laws of the Regular
Session of the 40th Legislature."

It follows that a corporation whose charter contains a single
purpose clause authorizing it to accumulate and lend money by
obtaining a license under the provisions of the Texas Regula-
tory Loan Act is not a corporation subject to Article 1524a,
V.C.S., because Article 6165b, V.C.S., is a special act en-
acted in obedience to Article XVI, Section 11, of the Texas
Constitution, as amended in 1960, and the provisions thereof
relative to its creative purposes are inconsistent with the
creative purposes of Article 1524a. A special statute will
control over the provisions of a general statute, and will be
treated as an exception to a general law previously enacted.
39 Tex.Jur. 150, Statutes, Sec. 82.

It is, therefore, our opinion that those provisions of
Article 1524a, V.C.S., that are not inconsistent with the

provisions of Article 6165b, V.C.S., are to be given full force and effect as regards licensees under Article 6165b, V.C.S., while those provisions of Article 1524a that are inconsistent with Article 6165b, V.C.S., are not to be applied against licensees under the Texas Regulatory Loan Act.

We have applied the foregoing standard to the four questions which you propounded as follows:

1.     You asked if a corporation whose charter contains a single purpose clause authorizing it to accumulate and lend money by obtaining a license under the provisions of the Texas Regulatory Loan Act is exempt from compliance with Sections 4 and 7 of Article 1524a, V.C.S., if such corporation offers for sale or sells in Texas its bonds, notes, certificates, debentures or obligations.

You are advised that such corporation is exempt from Sections 4 and 7 of Article 1524a since that Article applies only to those corporations who have as corporate purposes those provisions that would have formerly brought the corporation within the purview of the Banking Commissioner's authority. The corporate purpose noted is within the scope of the inconsistency test of Article 6165b, V.C.S., but if such corporation offers for sale or sells in Texas its bonds, notes, certificates, debentures or obligations, and if such acts are found to be, as to that corporation, ultra vires, such acts would be unlawful.

2.     Your second question asked if a corporation whose charter contains any or all of the purposes contained in Subsections 48, 49 or 50, Article 1302 or Article 1303b, V.C.S., is exempt from compliance with the provisions of Section 4, Article 1524a, V.C.S., if such corporation has obtained a license issued by the Regulatory Loan Commissioner to do business under the provisions of the Texas Regulatory Loan Act.

It is our opinion that such corporation would not be exempt since its purposes would allow it to do other acts than those contemplated by the

exemption in Article 6165b, V.C.S., and must therefore comply with either paragraph one or two of Section 4, Article 1524a, V.C.S., according to its activities.

3.    You asked if a corporation whose charter contained a single purpose clause authorizing it to accumulate and lend money only under the provisions of the Texas Regulatory Loan Act would be exempt from compliance with Section 4 of Article 1524a, V.C.S., if such corporation makes loans in excess of the sum of $1500.

You are advised that since such corporation was organized with the single purpose of complying with Article 6165b, V.C.S., it is within the inconsistency exemption of that statute.  Such loans if completed would be beyond the scope of the purpose for which the corporation was organized, and if made would subject the corporation to the penalties for acting beyond the scope of stated corporate purposes.

4.    Your last question asked whether or not a corporation whose charter contains a purpose clause authorizing it to accumulate and lend money after obtaining a license under the provisions of the Texas Regulatory Loan Act is subject to the provisions of Article 1524a, V.C.S., if its charter contains in addition one or more of the purposes set forth in Subsections 48, 49 or 50, Article 1302 or Article 1303b, V.C.S.

We are of the opinion that the material facts contained herein are the same as those contained in your question No. 2, and the same answer would apply.

The construction we have placed upon both Article 1524a, V.C.S., and Article 6165b, V.C.S., is harmonious with the legislative intent in that it provides adequate protection for both the borrower and the investor.  The duty of harmonizing the construction with the legislative intent is clearly seen in McPherson v. Camden Fire Ins. Co., 222 S.W. 211 (Comm.App. 1920), where the Court at page 212 said:

Honorable J. M. Falkner, page 6, Opinion No. C-230

". . . It is incumbent upon the court to ascertain the intention of the Legislature, and, if possible by fair construction, uphold it. The constitutional provisions referred to should be construed liberally, rather than embarrass legislation by a construction the strictness of which is unnecessary to the accomplishment of the beneficial ends for which it was adopted."

## SUMMARY

1. A corporation whose charter contains a single purpose clause authorizing it to accumulate and lend money by obtaining a license under the provisions of the Texas Regulatory Loan Act is exempt from compliance with Sections 4 and 7 of Article 1524a, V.C.S.

2. A corporation whose charter contains any or all of the purposes contained in Subsections 48, 49 or 50 of Article 1302 or Article 1303b, V.C.S., is not exempt from compliance with the provisions of Section 4, Article 1524a, V.C.S., even though such corporation has obtained a license issued by the Regulatory Loan Commissioner to do business under the provisions of the Texas Regulatory Loan Act.

3. A corporation whose charter contains a single purpose clause authorizing it to accumulate and lend money only under the provisions of the Texas Regulatory Loan Act is exempt from compliance with Section 4 of Article 1524a, V.C.S., and it is immaterial if such corporation makes loans in excess of the sum of $1500.

4. A corporation whose charter contains a purpose clause authorizing it to accumulate and lend money after obtaining a license under the provisions of the Texas Regulatory Loan Act is subject to the provisions of Article 1524a, V.C.S., if its charter contains in addition one or more of the purposes set forth in Subsections 48, 49 or 50, Article 1302 or Article 1303b, V.C.S.

Very truly yours,

WAGGONER CARR
Attorney General

-1118-

Honorable J. M. Falkner, page 7, Opinion No. C-230

By _____
H. E. RICHARDS
Assistant Attorney General

RER:da

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Linward Shivers
Paul W. Phy
John R. Reeves
Pat Bailey
Howard Fender

APPROVED FOR THE ATTORNEY GENERAL
By:  Howard W. Mays