

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 5, 2006

Raymund A. Paredes, Ph.D.
Commissioner of Higher Education
Texas Higher Education Coordinating Board
Post Office Box 12788
Austin, Texas 78711

Opinion No. GA-0452

Re: Annexation of territory by a junior college district (RQ-0446-GA)

Dear Commissioner Paredes:

On behalf of Coastal Bend College, you ask our opinion regarding the authority of a governing board of a junior college district to order an annexation election under chapter 130, Texas Education Code.[1] Specifically, you inquire about the operation of sections 130.065 and 130.068. See Request Letter, supra note 1, at 1.

Section 130.065 provides the requirements for the annexation of territory by a junior college district by election. See TEX. EDUC. CODE ANN. § 130.065 (Vernon Supp. 2006). The governing board of a junior college district is authorized to call an annexation election upon the "presentation . . . of a petition proposing the annexation of territory to the district." Id. § 130.065(a). The petition must adequately describe the territory proposed for annexation and "be signed by a number of registered voters in the territory . . . equal to at least five percent of the registered voters in that territory." Id. § 130.065(a)(1)–(2). Section 130.065 also sets forth the procedures for conducting the election; procedures that include a public hearing, an informational service plan, the ballot language, and a majority vote. See id. § 130.065(b) (public hearing), (c) (service plan), (g) (ballot language), (h) (majority vote); see also id. § 130.065(d)–(f), (i)–(l) (additional procedures and requirements).

Section 130.068 provides that a "governing board of a junior college district may order an election on the question of establishing expanded boundaries for the junior college district . . . within [all or part of][2] the district's service area established by Subchapter J" in two instances. Id. § 130.068(a)–(b). Those two instances occur:

---

[1]See Letter from Raymund A. Paredes, Ph.D., Commissioner of Higher Education, Texas Higher Education Coordinating Board, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Feb. 6, 2006) (on file with the Opinion Committee, also available at http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Subsection 130.068(a) relates to the expansion of the junior college district to "encompass all of the territory located within the district's service area established by Subchapter J." TEX. EDUC. CODE ANN. § 130.068(a) (Vernon Supp. 2006) (emphasis added). Subsection 130.068(b) pertains to the expansion of the junior college district to "encompass part of the territory located within the district's service area established by Subchapter J." Id. § 130.068(b) (emphasis added); see generally Tex. Att'y Gen. Op. No. GA-0314 (2005).

> (a) ... if more than 35 percent of the total number of students who enrolled in the junior college district in the most recent academic year resided outside of the existing junior college district[, or]
>
> (b) ... if more than 15 percent of the high school graduates for each of the preceding five academic years in the territory proposed to be added to the district have enrolled in the junior college district.

*Id.* Section 130.068 also provides that "[e]xcept as otherwise provided by this section, Section 130.065 applies to an action taken under this section, including the provisions of Section 130.065 requiring a petition to be submitted before an election may be called." *Id.* § 130.068(c). Coastal Bend College wants to know whether its governing board may call an annexation election without a petition when one of these alternative circumstances exist. *See* Request Letter, *supra* note 1, at 1–2. Your question requires us to construe sections 130.065 and 130.068.

The cardinal rule of statutory construction is to ascertain the legislature's intent and to give effect to that intent. *See Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex. 1994). The plain language of the statute is the primary indication of legislative intent. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex. 1999). Where the intent is unclear from the literal language we may consider aids to construction such as the legislative history, the object to be obtained, and the consequences of a particular construction. *See Union Bankers Ins. Co.*, 889 S.W.2d at 280; *see also* TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005) (Code Construction Act). A statute is to be construed so that it harmonizes with other law unless the statute clearly contains a contrary intention. *See Black v. Am. Bankers Ins. Co.*, 478 S.W.2d 434, 437 (Tex. 1972). But we will not apply the statutory language literally if the statute's plain language would lead to absurd consequences that the legislature could not have possibly intended. *See Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex. 1991). And we strive to always "give effect to all the words of a statute and not treat any statutory language as surplusage." *Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987) (citing *Perkins v. State*, 367 S.W.2d 140 (Tex. 1963)).

Subsection 130.068(c) is unclear. *See* TEX. EDUC. CODE ANN. § 130.068(c) (Vernon Supp. 2006). The language—"[e]xcept as otherwise provided by this section, Section 130.065 applies to an action taken under this section"—indicates that where section 130.068 provides otherwise, it does so as an exception to section 130.065. *Id.*; *see Fain v. State*, 986 S.W.2d 666, 672 (Tex. App.—Austin 1998, pet. ref'd) (recognizing the language "except as otherwise provided" creates an exception). Section 130.068 provides otherwise from section 130.065 in only one respect—section 130.068 authorizes the governing board to call an election based on student benchmarks, while section 130.065 authorizes an election upon presentment of a petition. *See* TEX. EDUC. CODE ANN. §§ 130.065(a) (Vernon Supp. 2006) ("On presentation ... of a petition ...."); 130.068(a)–(b) ("[t]he governing board ... may order an election ... if [specified student attendance thresholds are met]"). In all other respects the two provisions are harmonious, so that the requirements and procedures in section 130.065 apply to an election authorized by subsections 130.068(a) or (b). Thus, the authority to call an election based on student benchmarks and the authority based on a petition appear to be alternatives, so that subsections 130.068(a) and (b) are exceptions to section 130.065 to the extent that section 130.065 requires a petition.

But subsection 130.068(c) also states that section 130.065 applies to actions taken under section 130.068, "including the provisions of section 130.065 requiring a petition to be submitted before an election may be called." *Id.* § 130.068(c). This language which can be interpreted to require a petition would directly conflict with the construction that subsections 130.068(a) and (b) are alternatives to the petition requirement. Were we to construe this phrase literally and under the ordinary rules of grammar, a petition would seem to be required in all instances. Such a construction would render subsections 130.068(a) and (b) meaningless and make the first part of subsection 130.068(c) surplusage. If a petition under subsection 130.065(a) is a prerequisite to an annexation election, then satisfaction of that requirement alone would authorize the governing board to call the election under section 130.065—the student benchmark provisions in subsections 130.068(a) and (b) would be unnecessary. And there is no need for subsection 130.068(c) to create an exception to section 130.065 when it provides otherwise if section 130.068 does not provide otherwise in any respect. Based on a purely plain reading of subsection 130.068(c), we appear to be faced then with a choice between construing as meaningless either (1) the last phrase of subsection 130.068(c) or (2) the first phrase of subsection 130.068(c) as well as the entirety of subsections 130.068(a) and (b).

But there is a construction that gives full effect to all of section 130.068 and section 130.065 and that at the same time retains all of the statutory language of subsection 130.068(c). That construction requires us to interpret the language of subsection 130.068(c) that states "including the provisions of Section 130.065 requiring a petition to be submitted before an election may be called" to relate to the "[e]xcept as otherwise provided" language at the beginning of subsection 130.068(c) and not to the immediately preceding language that states that "Section 130.065 applies to an action taken under this section." *Id.* Under this construction, subsection 130.068(c) can be understood to provide that section 130.068 operates as an exception to section 130.065 including section 130.065's petition requirement. Such a construction harmonizes sections 130.065 and 130.068 and preserves the legislative enactment. Though this construction may not follow the ordinary rules of grammar, we are to avoid treating statutory language as surplusage unless doing so is absolutely unavoidable. *See Davis v. State*, 225 S.W. 532, 535 (Tex. Crim. App. 1920); *see also Escobar v. Sutherland*, 917 S.W.2d 399, 407 (Tex. App.—El Paso 1996, no writ) (recognizing that courts may disregard the rules of grammar to give effect to legislative intent). Much like the Texas Supreme Court, here we

> do not lightly presume the Legislature [to] have done a useless act, and [do] not read statutory language to be pointless if it is reasonably susceptible of another construction. But as both these statements suggest, we must recognize that possibility. It is at least theoretically possible that legislators—like judges or anyone else—may make a mistake.

*Brown v. De la Cruz*, 156 S.W.3d 560, 566 (Tex. 2004) (footnotes omitted).

When subsection 130.068(c) is given this construction, subsections 130.068(a) and (b) operate as narrow exceptions to only the petition requirement of section 130.065. The remaining provisions of section 130.065 would apply to an annexation election called by a governing board under subsections 130.068(a) or (b). Accordingly, we conclude that the governing body of a junior college district may call an annexation election without a petition when authorized by subsections 130.068(a) or (b).

## S U M M A R Y

Under the Texas Education Code, chapter 130, a governing board of a junior college district may call or order an annexation election without a voter petition when authorized by subsections 130.068(a) or (b). An election so called must nevertheless comply with all other procedural requirements of section 130.065.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee